UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHA'WANN LAMAR,

        Plaintiff,

   v.                                CAUSE NO. 3:21-CV-403-DRL-MGG

RON NEAL *et al.*,

        Defendants.

OPINION AND ORDER

Kha'Wann LaMar, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Charles Wilson in his personal capacity for money damages for placing him in a cell in 300 West containing feces and an excessive amount of dirt in April 2021 in violation of the Eighth Amendment," and "against Warden Ron Neal in his official capacity for injunctive relief related to his ongoing need for sanitary living conditions[.]" ECF 8 at 4. The defendants moved for summary judgment, arguing Mr. LaMar did not exhaust his administrative remedies before filing suit. ECF 25. Mr. LaMar filed a response, and the defendants filed a reply. ECF 28, 29. The summary judgment motion is fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies

are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Mr. LaMar did not exhaust his administrative remedies before filing this lawsuit because he never submitted any formal grievance related to his unsanitary living conditions. ECF 26 at 7. Specifically, the defendants provide an affidavit from the prison's Grievance Specialist, who attests the grievance office did not receive any grievance related to Mr. LaMar's allegation he was placed in an unsanitary cell in April 2021. ECF 25-1 at 6.

Mr. LaMar responds that he submitted a formal grievance in May 2021 regarding the unsanitary living conditions in his cell but the grievance office rejected the grievance for raising a non-grievable issue. ECF 28 at 1. Specifically, Mr. LaMar provides a copy of a grievance dated May 5, 2021, in which he complained of the unsanitary living conditions in his cell. ECF 28-1 at 13. Additionally, Mr. LaMar provides a "Return of Grievance" form dated May 24, 2021, which shows the grievance office rejected Mr. LaMar's May 5 grievance with the following response: "You inquired about biohazard and were given an answer from staff. You apparently are refusing to clean your own cell. At this point, the issue isn't grievable." *Id.* at 12.

In their reply, the defendants do not dispute that Mr. LaMar complained of his unsanitary living conditions in his May 5 grievance or that the grievance office rejected the May 5 grievance as raising a non-grievable issue. ECF 29. The court thus accepts these

3

facts as undisputed. Instead, the defendants argue Mr. LaMar did not fully exhaust his May 5 grievance for two reasons. First, they argue Mr. LaMar did not exhaust his May 5 grievance because he did not comply with the Offender Grievance Process' instruction to revise and resubmit the rejected grievance within 5 business days. *Id.* at 3. However, the "Return of Grievance" form informed Mr. LaMar that the issue he raised in his May 5 grievance "isn't grievable." ECF 28-1 at 12. It is not clear what, if any, revisions Mr. LaMar could have made to remedy the supposed defects in his May 5 grievance. Second, the defendants argue Mr. LaMar did not exhaust his May 5 grievance because he did not appeal the grievance office's rejection of the grievance. ECF 29 at 3. But the grievance process only provides a mechanism to appeal grievances that have been denied on the merits. ECF 25-2 at 12-13. There is no evidence the grievance process provided any mechanism for Mr. LaMar to appeal the grievance office's rejection of the May 5 grievance. Thus, the defendants have provided no evidence Mr. LaMar had any available remedy to fully exhaust his May 5 grievance.

Accordingly, it is undisputed that (1) Mr. LaMar complained of his unsanitary living conditions in his May 5 grievance, (2) the grievance office rejected the May 5 grievance as raising a non-grievable issue, and (3) the grievance office's rejection of Mr. LaMar's May 5 grievance prevented him from fully exhausting the grievance. Based on these undisputed facts, there is no evidence Mr. LaMar had any available administrative remedy that he failed to exhaust. Specifically, if the grievance office properly rejected Mr. Lamar's May 5 grievance as raising a non-grievable issue, then he never had any available remedy to complain of his unsanitary living conditions. Alternatively, if the grievance

office improperly rejected Mr. LaMar's May 5 grievance as raising a non-grievable issue, the grievance office made his administrative remedies unavailable. Either way, the defendants have not met their burden to show failure to exhaust. For these reasons, the defendants' motion for summary judgment (ECF 25) must be DENIED.

SO ORDERED.

June 10, 2022                               *s/ Damon R. Leichty*
                                            Judge, United States District Court